**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:14-CV-189-RJC-DCK**

| | |
|---|---|
| **JOY J. NEWSOME,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|   v. | )   **ORDER** |
| | ) |
| **THOMPSON CHILD & FAMILY FOCUS,** | ) |
| **CUSTOMER DRIVEN STAFFING,** | ) |
| **HALLMARK RETAIL, INC., INTEGRA** | ) |
| **STAFFING, and NEW YORK LIFE CO.,** | ) |
| | ) |
|     **Defendants**. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion for Mediation Settlement with the Defendant(s) in the Fourth District Court of Appeals Virginia" (Document No. 2) filed April 18, 2014. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

Plaintiff Joy J. Newsome is appearing *pro se* in this matter. It is difficult to discern exactly what relief Plaintiff seeks by the instant motion; however, it appears that she is seeking an appeal, and/or other relief, related to the prior action <u>Newsome v. Thompson Child & Family Focus and Kris Parker</u>, 3:11cv064-GCM (W.D.N.C. 2011). <u>See</u> (Document No. 2, p.2).

The undersigned observes that this Court dismissed the prior action on December 20, 2011, and that the United States Court Of Appeals For The Fourth Circuit affirmed that dismissal in an unpublished *per curiam* opinion on March 20, 2012. <u>See</u> (3:11cv064-GCM, Document Nos. 43, 47, and 48). To the extent Plaintiff now seeks relief from, or an appeal of, this Court's

prior ruling and/or the Fourth Circuit's affirmation of that decision, the undersigned is unaware of any authority to support such a request.

If Plaintiff is requesting some other relief in *this* case, she may re-file such request. To the extent the pending motion suggests Plaintiff may be seeking the appointment of counsel, Plaintiff is respectfully advised that litigants do not have a constitutional right to the appointment of counsel in civil cases, and such appointments are rarely allowed. A court may in its discretion appoint counsel for a civil litigant "only in exceptional circumstances." Owens v. Harrison, 2010 WL 2680339 at *2 (E.D.N.C. July 6, 2010) (quoting Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion for Mediation Settlement with the Defendant(s) in the Fourth District Court of Appeals Virginia" (Document No. 2) is **DENIED WITHOUT PREJUDICE**.

Signed: June 9, 2014

David C. Keesler
United States Magistrate Judge