# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-189-RJC-DCK

| | |
|---|---|
| JOY J. NEWSOME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| CUSTOMER DRIVEN STAFFING, ) | |
| HALLMARK RETAIL, INC., and ) | |
| NEW YORK LIFE CO., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding the status of the case. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

Plaintiff Joy J. Newsome, appearing *pro se*, filed a "Complaint" (Document No. 1) pursuant to Title VII of the Civil Rights Act of 1964 on April 18, 2014. On July 28, 2014, the Court allowed Plaintiff's "Application To Proceed In District Court Without Prepaying Fees Or Costs" (Document No. 3), and directed that the U.S. Marshal serve process on Defendants Hallmark Retail, Inc., New York Life Co., and Customer Driven Staffing ("Defendants"). The record also indicates that on July 28, 2014, the Clerk of Court mailed summons(es) to Plaintiff to be completed and returned for service on Defendants by the U.S. Marshal. See Fed.R.Civ.P. 4. It appears that Plaintiff failed to return any completed summons(es), or take any other action in this lawsuit since at least early June 2014.

The undersigned issued an "Order" on January 16, 2015, that specifically directed that "Plaintiff shall file a status report in this case on or before **February 6, 2015**, and **SHOW CAUSE**

why this matter should not be dismissed for failure to prosecute." (Document No. 7, pp.1-2). The Plaintiff was further advised that her "failure to make a timely and persuasive filing in accordance with this Order will likely lead to the dismissal of this lawsuit" Id.

The docket for this case indicates that a copy of the undersigned's "Order" (Document No. 7) was received at Plaintiff's address on January 27, 2015. (Document No. 8). To date, Plaintiff has failed to file a status report as ordered by the Court, and as noted above, has failed to take *any* action in this case in over a year.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that this case be **DISMISSED** based on Plaintiff's failure to prosecute.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003).

**IT IS SO RECOMMENDED**.

Signed: June 24, 2015

David C. Keesler
United States Magistrate Judge